Michael R. Mordaunt, Esq., Bar No. 66911
Jessica Tomlinson, Esq., Bar No. 232311
RIGGIO MORDAUNT & KELLY
A Professional Law Corporation
2509 West March Lane, Suite 200
Stockton, CA  95207
Telephone: (209) 473-8732
Facsimile (209) 957-9165
email:  mmordaunt@riggiolaw.com

Attorneys for Defendant,
TARGET CORPORATION

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| DEBORAH ALLEN | Case No. 2:07CV01840FCDEFB |
| Plaintiff(s), | STIPULATED PROTECTIVE ORDER |
| vs. | |
| TARGET and DOES 1 to 25 | |
| Defendant(s). | |

IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

1.       This Order is meant to encompass all forms of disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

2.       The parties may designate any Confidential Material produced or filed in this

1

STIPULATED PROTECTIVE ORDER

lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential." If any material has multiple pages, this designation need only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, and expert witnesses assisting counsel in this Lawsuit, and the Court.

3.  Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.  Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto) consenting to be bound by the terms of this Order. The parties, counsel for the respective parties (including legal assistants and other personnel) and ~~the Court~~ are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.

5.  Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Upon dissemination of any confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the confidential material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6.  ~~If additional persons become parties to the Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.~~

7.  In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating

Riggio, Mordaunt & Kelly
2509 W March Lane
Suite 200
Stockton, CA

2

STIPULATED PROTECTIVE ORDER

party of the respective deposition transcript.  All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above.  When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Order.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality.  Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter ~~and no copy of the transcript or exhibits shall be given to the deponent~~.

9. ~~With respect to any communications to the Court including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER." All communications shall indicate clearly which portions are designated to be "Confidential." Any communications containing Confidential Material shall be returned to the submitting party upon termination of this lawsuit (whether by dismissal or final judgment)~~.  Any applications to file documents under seal must be made pursuant to the Local Rules.  *See* Local Rule 39-141.

10. ~~The Clerk of this Court is directed to maintain all communications received by the Court pursuant to paragraph 9 above under seal.  All such communications shall be maintained in the Court's file in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the following statement: "Enclosed are confidential material filed in this case pursuant to a Protective Order entered by the Court, and the contents shall not be examined except pursuant to further order of the Court."~~

11. If a non-designating party is subpoenaed ~~or order~~ to produce Confidential Material by another court or administrative agency, such party shall promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating

STIPULATED PROTECTIVE ORDER

Riggio, Mordaunt & Kelly
2509 W March Lane
Suite 200
Stockton, CA

party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

13. 12.     If a party believes that any confidential material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's Counsel in writing and identifying the information contested.  The parties shall have thirty days after such notice to meet and confer and attempt to resolve the issue.  If the dispute is not resolved within such period, the party seeking the protection shall have thirty day in which to make a motion for a protective order with respect to contested information.  Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.  Any motions for a protective order must be made consistent with the district judge's pretrial scheduling order.  This order shall not be construed to modify any dates in that order.

13.     Inadvertent failure to designate any material "Confidential" or shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure.  At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

14.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

15.     When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report that there may have been a violation of this Order to the Court and all counsel of record.

16.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this Order.  Such a representation fully

contemplates that returning counsel has: (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

17. After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties ~~and any other person who has access to documents and information produced pursuant to this Order~~ for the ~~sole~~ purpose of enforcement of its provisions.

**IT IS SO STIPULATED:**

Dated: _____       RIGGIO MORDAUNT & KELLY

                                              /s/
                                  By: Michael R. Mordaunt
                                  Attorney for Defendant TARGET STORES

Dated: _____       HELLER & HIBBERT, LLP

                                              /s/
                                  By:  Paige M. Hibbert
                                  Attorney for Plaintiff  DEBORAH ALLEN

The stipulation, as modified above is approved.

**SO ORDERED**.

Dated:  August 18, 2008

                                  EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE